22-5256 Robert M. Miller Appellant v. Martin J. Gruenberg, Chairman, and Federal Deposit Insurance Corporation. Mr. Tisa, amicus curiae for the appellant. Ms. Lyons for the appellate. Good morning, counsel. Mr. Tisa, please proceed when you're ready. Good morning, your honors. Nathaniel Tisa is court-appointed amicus. With the court's permission, I'd like to reserve about three minutes for debate. The CSRA requires that a federal employee who successfully challenges an adverse employment action before an administrative judge shall be granted interim relief. FDIC has conceded both in its brief and its August 30 letter to the court that Robert Miller is entitled to interim relief under the statute. It's even paid some of the amount that's owed. But this case is not moved. Mr. Miller vigorously disputes that FDIC is fully complied with statutory obligations. And more importantly, this appeal is not moved because the district court's order denying relief is still in place. This court can rectify that by reversing the district court for erroneously withholding relief and remanding for a calculation of the amount that's owed. I'd like to, I'd like to, can you, the last point when you said the appeal's not moved, what does it mean that the district court's order is still in place? So the order is right now, the law of the case and the order holds that Mr. Miller is not entitled to any form of preliminary injunction. FDIC's compliance is entirely voluntary. Even though they paid Mr. Miller some of the amount that may be owed under the statute, if this court were not to reverse the district court, FDIC doesn't have to continue complying. It doesn't have to resolve these disputes. It's under no court order to pay out the full amount. I mean, and I know you're an amicus, so I don't know, familiar with all the nuances, but if it has paid out the full amount, then does your argument still stand? If there was absolutely no dispute about the amount that was owed, then you could look at mootness a little differently here. You know, a single dollar of dispute is usually enough to keep the case alive. Yeah. If there was literally no dollar dispute, then yes, this, that particular issue could be. But I do want to note as well that Mr. Miller has broader potential requests for preliminary injunctive relief that he made below that the district court did. And which are? So the preliminary injunction could have gone more broadly than the statute requires. The statute requires pay and benefits from the period between the AJ's decision and the MSPB's final. That's about 19 months. But a preliminary injunction issued under the court's equitable discretion could order ongoing payment until the case is resolved. It could also order different forms of non-monetary relief that Mr. Miller requested in his motion below. And do you, do you read the papers below to go to that extent? We think if you look at Mr. Miller's motion, he basically bifurcates it into two requests. The first is for the court to comply with the statute and enforce the statute by providing interim relief. To remind the court at the time he moved for interim relief, the MSPB had not yet issued a final decision. So that period was still kind of accruing. And then the second half of the motion asked for broader forms of preliminary injunctive. That included ongoing pay and several other additional non-monetary forms of relief. Computer access and that's right. Right. Computer access, access to the FDIC's network and an injunction prohibiting FDIC from doing certain investigatory and disciplinary actions. So I have a question about the non-monetary relief. Putting aside, I understand the point that's the monetary relief might not be moot if there's still a material dispute over the amounts. But in his motion below, this is page 334 of the appendix, he specifically limits it to until such time as the board or this court decides on defendant's petition for relief. That of course hadn't happened when he made that motion and when the district court ruled, but now it has. And so it seems to me that his request for the non-monetary relief by its terms has sort of expired. Is that something that, don't mean to put you on the spot, but if that's something you've seen, I wonder if you have a response to that. Your Honor, from my recollection of the motion, there were certain phrasings when it came to certain aspects of the relief. We also want to remind the court that Mr. Miller conceived of his appeal to the district court as an appeal rather than as a case. So with the proper language under the statute would be that he filed a new civil case. But at times he referred to it as an appeal, at times he referred to it as a petition for review. The way we read the motion, at least, was that you could interpret the request to extend until the district court decided the case, decided his quote unquote petition for review of the decisions that he was challenging. Okay. Yeah, I think the concern is, so it actually relates to something else you said. Certainly the motion is divided into two parts, but in that second part, when he talks about, for example, the likelihood of success on the merits, my reading, at least, is that the only basis is still 7701. And what he's essentially doing in the preliminary injunction portion is trying to explain why he should be entitled to other types of relief, but he's still making clear that he's basing it on this statute. And so that sort of goes back to the first question. It would make sense for everything to be limited until the time that the board decided his appeal, because that's all that 7701 entitles him to. So does that, that's kind of the concern I would have for mootness on the non-monetary relief. We think that when it comes to the monetary relief, the kind of most straightforward way to read the motion is he's asking for the court to order compliance with section 7701, like your Honor mentioned. The non-monetary forms of relief certainly would be ongoing. At least, again, the way we read the request. Your return of his laptop, there's not really necessarily an end date on that. Access to the FDIC's network, no end date on that. And then the injunction, kind of restraining the FDIC from investigating and disciplining on the same fact pattern, wouldn't have an end date, at least not an end date tied to the MSPB's final order. So looking past mootness for a second, can I just go to this question? So typically when you have a motion for a preliminary injunction, there's a prong that involves likelihood of success on the merits, and the likelihood of success on the merits is of the underlying action that's brought. And here you have what appears to me to be a twist on that, because the likelihood of success on the merits, and I'm not trying to be too picky about exactly how we do this, and I understand the need to construe the filings in a way that's consistent with what we usually do in this context, but the merits all go to the merits of the request for interim relief under 7701, which is just not something that's part of the underlying action as styled in the complaint that was filed in the district court. So and what we're reviewing now is the district court's denial of the preliminary injunction. That's what's before us in this appeal. And so how do we reverse the district court's denial of the preliminary injunction when what the district court had before it was an argument as to the merits of something that didn't relate to the underlying action, which is what you typically have in a PI case, it would be likelihood of success on the merits of the underlying action for discrimination, for a hostile work environment, for those kinds of things, none of which has been resolved yet ultimately on the merits. But the motion for interim release slash preliminary injunction introduces something new as to this action. It's something old as to the underlying MSPB proceedings and everything, I get that, but as to this action, it introduces something new because it's about interim relief under 7701, which just isn't in the complaint. I think two responses to that, first about the complaint itself, and then second about the request for relief, the debatables motion. So we think if you read the complaint, as your honor mentioned, kind of more liberally because Mr. Miller is not a lawyer, he's a pro se litigant, we do think that he does press the issues that ended up forming the basis for the interim relief request in the preliminary injunction motion. The complaint walks through what happened leading up to the indefinite suspension, walks through the decision, and then makes the same allegations that he eventually relies on in the preliminary injunction motion. The allegation that FDIC was trying to kind of force him into foreclosure, trigger regulation that could render him ineligible. So all the bones were there. But the relevant part is just what the ALJ, and in fact I think the motion astutely says, don't look at any of the merits of the underlying stuff. Really all you got to know is the ALJ gave me some relief, and then once the ALJ gave me some relief, and now the FDIC actually agrees with that. Right, so yes. But I didn't see any of that in the underlying action. So in the complaint he does recount the proceedings that had happened up to that point. You know, you're right, he didn't frame a separate cause of action as a count, if you will, as maybe a person trained in the law would. We think that that's forgivable. We hope that the court will find it. It's hard to read it a little more liberally than it normally would. But to your Honor's point about the fact that the AJ already found in his favor, we think that what Congress did here is they created a mandatory form of preliminary relief. They just took out some of the kind of normal equitable discretion the district court would have when examining this type of question, and provided very clear standards. If A, then B. If you have a prevailing party before an administrative judge, then he receives interim relief. Mr. Miller's a prevailing party, therefore he should receive interim relief. That's different than the normal kind of traditional equitable analysis that the court would do, but it is relatively simple, and we think that the complaint included all the pertinent facts and allegations. But for us to reverse, then we'd have to say that the district court should have discerned that, and then should have granted the relief. And as you helpfully point out in your reply brief, there's a motion pending in the district court to amend the complaint to include the count that would kind of tidy this up. Yeah, so that's already been granted. That was granted actually quite a while ago. So the amended complaint, I think might have even since been another amended complaint, but Mr. Miller did go back and amend the complaint to include a separate count for the CSRA issue. So you could think of this also in terms of utility. Was the motion to amend the complaint was granted before the appeal was taken? No, it was granted after, so far as I know. But we think he did it out of an abundance of caution once it became clear that the FDIC could object on that ground. So you have this argument about displacing the traditional equitable discretion, and I'd love to hear from you a little bit on that. But especially with this amended complaint, is anything at all stopping him from filing a motion for partial summary judgment if he's actually got a claim? Wouldn't raise that kind of question at all. It seems like the most straightforward procedural vehicle to get this kind of relief early in the case. So Mr. Miller did argue at one point that the court could construe the motion for preliminary relief as a motion for summary judgment and kind of act on that basis. This probably could have been brought as a motion for partial summary judgment, but we also think it's appropriate as a motion for a preliminary injunction. We think that Congress just changed up the analysis and made a more focused preliminary injunction analysis required by the statute. And remind me when if the argument was made that it could be treated as a motion for partial summary judgment rather than was that before the appeal or after? So he certainly made it on appeal. We can definitely check and come back up and confirm for the court whether it was made specifically in the motions below. But we do know while he was briefing, you know, as a non-lawyer, he, in terms of the standards, the exact procedure, often kind of brought in multiple different types of procedures. An interesting complication is that if it was construed as a summary judgment motion, we wouldn't have suggested on remand. That would be a path forward. But just briefly on this argument about our equitable discretion, it seems to me, on my read of the cases you rely on, typically the statute speaks directly to court's equitable authority and will say something like the court will grant an injunction if. Whereas this statute creates a clear entitlement to relief, but it's directed at the administrative process. It doesn't talk about injunctions and vehicles for relief. And so do I have that distinction right and does it matter? Your Honor, we have a few arguments. We think that the statute is best read to apply to the court under these circumstances. But just on your last point, you're right that the court would lack jurisdiction if this were a summary judgment motion at this stage. But we think that if you look at the structure of the statute and the requirement, it's very clear that this was supposed to be a preliminary form of relief. It's known as interim relief. The whole point is to give these employees ongoing pay and benefits while they're awaiting a decision. So construing, resolving this case on the ground that it should have been a summary judgment motion would essentially defeat the entire purpose of the statute. If the motion is denied, then there's no interim relief and it just becomes moot. Now on the mandatory point relative to the court, I think it's important to remember the 7701 and 7702 kind of relationship. So 7701 sets out a set of procedures for appealing as an administrative matter, an adverse employment action. And then 7702 says if it's a mixed case and the agency doesn't act within a certain number of days, there's re-enumerated timelines there, the employee is entitled to file civil action in the same manner as they could have filed under Title VII, the FSLA, the ADEA. If you look at the ADEA and FSLA, they both include mandatory forms of relief as well. And this court and other circuits have held that explicitly. If there's a finding that there was a violation of the FSLA, then the court must order certain back pay and other types of damages that are enumerated in the So it's framed in language of direction, not discretion. And it's also framed in the passive case. It doesn't say shall be granted by anyone in particular. And we think that leaves open the possibility that in this type of mixed case, where instead of being resolved the administrative process, it's gone to the district court, it may be district court's responsibility to enforce what their statute requires. Make sure my colleagues don't have additional questions at this time and we'll give you a little time for rebuttal. Thank you. Ms. Lyons, we'll hear from you now. Can you hear me now? I think so, yeah. Good morning. And may it please the court, I am Jane Lyons from the U.S. Attorney's Office on behalf of the chair of the FDIC and the FDIC itself. Could you, you might want to lower that just a little bit more. It might come through a little better. Am I actually that short? I am. I am that short. I think understanding how we got here and where we are shows the way forward for this court. In August of 2022, when the district court denied the preliminary injunction request interim relief, Miller had been on indefinite and conditional suspension from his job for two years because it sparked concerns in January 2020 about whether he posed a potential threat to the safety of himself or agency personnel, and he had not found a way to assuage those concerns. Miller had prevailed in part in an initial decision rendered by an administrative judge at the Merit Systems Protection Board who found preliminarily the FDIC should have ended Miller's suspension in April of 2021. The administrative judge did not address interim relief despite an agent board regulation requiring her to do so. The FDIC filed a petition for review of the interim decision and asked the board to review that interim initial decision. The agency had a reasonable belief at that time that it didn't owe Miller any interim relief because it was unclear in the silence of the statute and the silence of the regulations what it meant if the initial decision did not address interim relief. On May 16, 2023, well after the district court ruled, the Merit Systems Protection Board issued a final order which finding that the suspension should have been lifted in April of 2021. This deprived Miller of his status as a prevailing party at all in those administrative proceedings, but under a newly announced interpretation of the statute on the same day in a case called Stewart versus the Department of Transportation, the board also found that its own administrative judge's error in not addressing interim relief in the initial decision rendered Miller eligible for interim relief by operation of the statute. Right and then at that point it's clear that Mr. Miller's entitled to interim relief too and the FDIC says so and then a payment is made and can you just tell me is the government taking the position that the appeal is moot because your brief which was before the payment was made your brief says something like almost moot or largely moot or mostly moot and then it says almost everything or virtually everything's decided of course if it's only virtually then it's not moot and the only potentially material thing that's happened since as far as I know is that there was a direct deposit I assume it was a direct deposit that was made and um Mr. Miller I think has indicated to us that he's trying to figure out whether the yet that there's actually an agreement and there may well not be on the amounts given that is the government taking the position that the appeal is moot yes the government is taking the position that the appeal is moot but let me explain a couple of more things that are relative in the factual scenario that that you currently laid out there's more to it um in the in the final decision the board anticipated the possibility that there would be a disagreement with the most current information from the agency that is still working with the FRIP savings plan and it's it's for a 1k provider zero price to calculate the correct amounts of breakage and other things for contributions to Mr. Miller's retirement that is an ongoing process as far as I understand it um there are third parties involved um the there is a new Mr. Miller as I understand it has initiated a new MSPB appeal and those issues are being dealt with in a separate administrative proceeding and there is still another administrative proceeding ongoing before the merit systems protection board about the status of the suspension after April of 2021 that is all still ongoing there's a hearing scheduled in the um case about the ongoing suspension there's a hearing scheduled for October 25th this is an appeal from the May 16th ruling there is no this case no no the the other uh actions uh no I would not say that is correct I would say that the final order on May 16th is something that could be the subject of a a supplemental complaint in the district court now file a motion to amend within 30 days is that this separate action that could concern a separate claim I think the question for the district court is going to be in its case management prerogative when to start reviewing the MSPB's final orders because the court is well aware district court may only review the final order our focus today is on the interim relief isn't there an argument that it's not a final order because it was referred to the regional office with with due respect Judge Randolph I don't think so I think it is a final order on what was before it at the time what it it's protection board decided was that its administrative judge had made yet another error by considering things the parties had not briefed and put before it there had been a procedural error about what was who was on fair notice of what would be considered in those proceedings I think the proceedings are closed but there are ongoing proceedings over the disputes regarding the suspension and if I could say a word about the nature of that claim which is what underlies this request for interim relief the nature of that claim is in is one of mandamus if you're going to go and construe a complaint as broadly as you can as your as your questions were suggesting Chief Judge that nature of that claim is really one for mandamus because the statute doesn't say who or when or what or what who's going to resolve disagreements about it so it is in the nature of I have a right and I've come into court to enforce it through a preliminary injunction on what is essentially a mandamus request it's extraordinary relief on extraordinary is is part of my point there the the preliminary injunction apart from the back pay is basically saying this is what I to get that overturned and in the interim what I'd like to do is have my computer back or whatever I I think I think part of what I was hearing developing a little bit in the in the argument before I got up with my friend on the other side was a notion that there's a difference between the pay and interim relief and the forms of other relief that he sought besides money non-monetary like his access to the computer system his laptop being free of any more requests for medical information those are all forms of the interim relief that he sought and was all predicated on the interim relief statute the interim relief statute let's let's be honest what it is is it's a form of temporary relief similar to restoring the employment okay I missed that that point and so when you're saying that all the other than back pay that the other things that he's seeking were based on the interim relief statute yes your honor that's not on general principles of preliminary injunction no the way he presented the argument to the district court was that it was all incumbent as part of the interim relief and I don't I don't really have any criticism of that approach by him to be honest the interim relief statute goes beyond the payment of just money and it encompasses a sort of a a restoration of the employment relationship to a degree for the time during the MSPB's proceedings but there are exceptions it's not an absolute right and because there are exceptions it's a disruption disruption to the never got a chance to invoke that or litigate that before the board because its administrative judge didn't do the job quite right right okay um so clear as mud it's clear as mud uh every mixed case I've ever been before the court on felt much that way this one is particularly a bit of a uh interesting one to me because the agency has has paid the money because it is here this morning to vindicate the importance of safety in the workplace instead of money but raises another question that hasn't been addressed and that is as I understand you can if you don't get a ruling in how many days 120 I believe 120 you can go to the EEOC or you can go to the court of appeals or you can go to the district court depending on but then what happened the question is raised is what happens if on the 121st day the agency comes out with a ruling well um because it's a review of administrative action right so what happens in a mixed case that comes into the district court timely under that statute but a little bit untimely because the board hasn't finished its work typically the district court faces uh having to have for lack of a better term sort of bifurcated proceedings it can go ahead on the day noble claims and do what it would normally do um and then it has to wait for the final board decision so they can have an administrative record and ultimately review those decisions under the administrative procedure act but until there is a final board decision that part of the case isn't isn't ready for review what is to me sort of odd about all that is that you're in court and and they're they're just two different things going on um and and this case is not just a mixed case mr miller also had an individual right of appeal action that the mspb rejected that's the whistleblower thing that could go to the federal circuit they have for all i know um but it's it's particularly confusing here but the agency has complied with the statute and removed uh the basis for any kind of even claim for irreparable harm and our position is very much so that the statute does not displace the traditional test that is to be applied in injunctive proceedings council can i can you address again why the monetary relief request is is fully moot now instead of largely moot it in particular what you just suggested certainly seems uh relevant to me that the fact that a payment has been made might be relevant to how we think about irreparable harm but where he's saying this payment is not sufficient still a lot of details to be worked out how does that actually render the case moot when we could issue an order that you're actually required to uh you know pay a full amount and have that overseen by a court the the answer of that your honor is in bieberman versus blinken uh which instructed that not only this court but the district court as well courts shouldn't issue orders to pay interim relief because the basis of the claim is an administrative procedure act type of review and and instructing the merit systems protection board perhaps or the agency to reconsider would be the absolute outer limit of the authority here there's no need to exercise that authority there are already ongoing administrative proceedings to address these issues and then they will be subject to individual review once those are final why that's not a merits disposition the case that you cited what i'm sorry your honor if the case that you cited if it stands for the proposition that it's wrong to enter an order requiring the transfer of money in this context that the range of remedies is something limited more constrained than that that results in mootness or that results in the claim for interim relief failing on the merits i would like to say both um so bieberman versus blinken is a case interpreting a very similar interim relief statute before the uh for the foreign service grievance board so similar system of personnel review similar statute and the court was asked to provide interim relief and the court the court held that um interim relief was inappropriate as part of that it addressed the nature of the claim and the nature of the judicial review of that but getting to your question on um sort of whether the any lingering dispute over the dollars and cents renders the case moot the case is moot because the agency has taken substantial steps of complying with statute and there's no question that it will continue to do so um and and we think does matter that the agency tendered a payment at all we suppose the payment hadn't happened yet would you be in the same position because there's still a dispute as to the payment amount we would be in a weaker position perhaps if uh the agency had not yet made a substantial because the agency pays half and says half is coming the second half is coming is that the same situation we're in now i think because courts ordinarily presume that agencies will follow the law and they will act in accordance with their announced uh intentions to follow through that that would be a situation where the court would should find and that would be true even before they paid anything because the fdic had already represented that payment was going to be made i think that's that's probably true i think we were a little weaker in our brief than we probably should be looking back when i prepared for argument i wish we had been clearer and stronger i'm sorry my colleagues don't have additional questions for you thank you miss lines here tisa will give you three minutes for rebuttal your honor uh well hopefully we can clear up some of the mud on the uh on the mootness issue um and then uh judge garcia i have a response to some of the questions you asked earlier about the motion itself so on on mootness here this case just it just isn't um if you look at the way that the jurisdiction works here once the agency doesn't render a decision within the statutory time frame and the employee decides to file a civil case that court has jurisdiction it's not required to wait for any administrative proceedings to continue essentially the administrative proceedings become irrelevant jurisdiction vested in the district court it can review the claims to and proceed as it would under any of the statutes that are cross-related to this in terms of the mootness of the requests here judge garcia if you look at a the mootness of the raise this a little bit um the mootness of the a preliminary injunction requests if you look at a 291 to 292 the requested relief here isn't bound to the scope of statutory interim relief so we respectfully disagree with with my friend on the other side on that point mr miller requested interim relief starting on the date of the aj's decision but if you look at the motion it it doesn't expire um upon the completion of a you have your brief uh your top side brief before you yes your honor okay could you turn to page 48 i'm looking at the second full paragraph there and the way i read that is that um the agency can comply with the alj's order either by reinstating miller or by restoring miller's paying benefits without duties because of undue disruption that choice the agency's choice is effectively unreviewable miller has no inherent claim to government property not offered as a payment now the way i read that is if he gets his back pay that's in compliance that's fine but these other things he's asking for the agency can deny that's unrevealable end of story have you changed your view on that no your honor so in terms of mootness the case is live if there's any potential for relief this court and the supreme court have made that clear case after case if there's even a dollar of disputed value or any potential for remedy case is live for constitutional purposes what we said but unrevealable well effectively unreviewable in the sense that there's not an ordinary kind of arbitrary and capricious standard that would apply to the agency's decision of whether to return the employee to duty or simply what is the standard so from from what we understand um and this if you look at the statute there's two options for compliance the agency can pay the employee and return the employee to work or simply pay the employee and then not return the employee to work by making that undue disruption determination so that determination is something the federal circuit has said the agency has i think the the phrasing they use is effectively under discretion make the employee is whole either way employee is getting the pain benefits so whether the agency wants the benefits of the employee's labor is up to the agency here the fdic has done nothing right they haven't returned mr miller to work and they also haven't restored his pain benefits um during the statutory period so if there's no further questions um we think the most straightforward way to resolve this case would be to reverse the district court's order and remand for a calculation of what's still owed under the statutory interim relief requirement thank you thank you counsel thank you to both counsel and mr teesey you were appointed by the court to assist the court in this matter and we thank you for your assistance
judges: Srinivasan, Garcia, Randolph